JAMES M. CULLISON

*v.*

REBECCA M. CONNOR.

*Opinion filed June 14, 1906.*

1. DEEDS—*when deed is properly set aside.* A deed is properly set aside, whether it was the result of fraud by the grantee in procuring the description inserted or whether there was a mere error in description, where the grantee sought to retain the benefit of the fraud or mistake by refusing to cancel the deed.

2. SAME—*when defendant should file cross-bill for reformation of deed.* Defendant to a bill to cancel a deed for fraud, who answers alleging that he got what he purchased without fraud, and who fails to file a cross-bill asking for a reformation of the deed upon the ground that the description was the result of a mutual mistake, cannot complain that the decree canceled the deed instead of reforming it.

WRIT OF ERROR to the Circuit Court of White county; the Hon. P. A. PEARCE, Judge, presiding.

T. B. STELLE, for plaintiff in error.

NOAH C. BAINUM, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On April 17, 1905, the complainant, Rebecca Connor, filed her bill in the circuit court of White county against the defendant, James M. Cullison, in which she alleged that on April 4, 1905, she was the owner of a part of lot 11, block 1, in Stewart's addition to Carmi, Illinois, "beginning at a point nine feet north of the south-east corner of said lot; thence north fifty-two degrees east on the southerly side of the alley parallel with Cherry street, if said alley were extended, sixty-one feet and two inches to a stake; thence south thirty-eight degrees east forty and one-half feet to the north end of lot No. 27, in the second addition to Carmi; thence north on the east line of said lot No. 11 to a point twenty-four feet south of the north-west corner of said lot No. 11; thence west seventy-five feet to the west line of said lot No. 11; thence south to the place of beginning;" that on the date aforesaid she conveyed said lot to the defendant in consideration of $100, and she was then, and is now, in possession of the same; that she contracted with defendant to convey to him that part of said lot 11, block 1, of Stewart's addition to Carmi, described as follows: "Beginning twenty-four feet south of the north-east corner of said lot 11; thence south on the east line of lot 11 to its intersection with the northerly side of the alley on the northerly side of lot 21, in the second addition to Carmi; thence south fifty-two degrees west, parallel to Cherry street and with the northerly side of said alley if extended, to the west line of lot 11; thence north to a point twenty-four feet south of the north-west corner of lot 11; thence east seventy-five feet to the place of beginning," called her "back lot." It is then alleged that it was agreed between the parties that one James I. McClintock, or his son, William R. McClintock, should prepare the deed of conveyance, and that the defendant notified them to do so; that he fraudulently, and with the intent to defraud the complainant, misrepresented the contract to the said McClintock, so that the deed was so prepared as to convey the lot first

above described; that the complainant is uneducated and unable to write; that in a few days she discovered the mistake and tendered back to the defendant the $100 paid her and demanded a re-conveyance to her of said lot, and afterwards that he re-convey to her that portion of the same not intended to be conveyed, but he refused to comply with either request. She prayed that the deed be canceled and held null and void, and deposited the $100 consideration in court for the defendant. He filed his answer to the bill, alleging that on the date mentioned he purchased of complainant that part of lot 11 first described, and that the purchase and deed were made in good faith for a valuable consideration and without fraud on his part. Upon a hearing the deed of conveyance was set aside at the cost of the defendant, and to reverse that decree this writ of error has been sued out.

It is assigned for error that the evidence fails to support the finding and the decree of the court that the defendant fraudulently induced and caused the scrivener to so draw the deed as to erroneously describe the property; also, that the court erred in vacating and annulling the entire deed, but should have found that the mistake was mutual between the parties, neither knowing the correct description of the property, and therefore the deed should have been reformed so as to carry into effect the agreement of the parties.

The abstract of the bill is meagre, and while it shows the charge in the bill to be that the defendant fraudulently procured the deed to be made as it was, it also sufficiently appears that the relief prayed is upon the ground of a mistake. The decree as abstracted does not find that the defendant was guilty of fraud, but rather that the description in the deed was a mistake. It finds that the complainant sold and intended to convey a certain part of the lot, and when she discovered the mistake in the deed she asked the defendant to correct it, which he refused to do. We have examined the evidence produced upon the trial, and we think it clearly shows that the deed was made to cover a portion of the lot

not contemplated by the parties at the time of the sale and conveyance. There was a private alley or driveway through lot 11, and the complainant testified: "I had a talk with defendant. I told him I heard he wanted to buy that lot across the alley. He said he did. He came over, and I sold him the lot that has got the barn on it, back of my premises." Again: "I intended to give him the back lot for the $100 consideration." She discovered the mistake a couple of months afterwards and spoke to the defendant about it. The line ran close to her dwelling house, and defendant said he would not bother her as long as she lived. The deed included part of her kitchen and all the alley. J. I. McClintock, who made the deed, testified that the defendant called on him and said he was about to purchase what they called the "back lot" of Mrs. Connor; that he afterwards said he understood he had bought a part of Mrs. Connor's house, but he did not intend to bother her; that he said nothing about the alley. The defendant himself testified that he agreed with the complainant to buy her back lot; that he did not know it would take part of her buildings; that he understood he was getting all of the back lot; that there was no alley but there were gates; that it was only a private passageway back there; that it is used by several of the neighbors; that he thought he was getting all she owned of lot 11.

It is manifest from this testimony that the complainant intended to sell, and the defendant understood he was purchasing, what was known as the "back lot," which was across the private alley from her buildings, and that evidence justified the finding that there was a mutual mistake in the deed. Whether it was the result of fraud, as alleged in the bill, or an error in the description, the defendant fraudulently sought to retain the benefit of the mistake by refusing to cancel the deed. His statement that he would not disturb her while she lived, clearly shows that he was disposed to retain the advantage which he thought he had obtained by reason of the misdescription in his deed.

The contention that the court below should have reformed the deed and given the defendant what he really purchased, instead of setting aside the deed, would be entitled to consideration if the issues in the case warranted any such relief; but the prayer of the bill was that the deed should be set aside, and the only answer which the defendant made to it was that he only got what he purchased and that there was no fraud on his part. If he desired a reformation of the deed so as to make it conform with the real intention of the parties he should have filed a cross-bill or asked that relief in his answer. The cause submitted to the chancellor for his decision was upon the theory that the minds of the parties. never agreed as to the conveyance which was actually made, and that by tendering back the money paid, the complainant was entitled to have the conveyance set aside. The evidence justified that decree, and we see no reason for disturbing it.

*Decree affirmed.*