BIRDIE M. WISHOP, Plaintiff, *v.* RAYMOND A. WISHOP *et al.*, Defendants.

(No. 70-119;

Second District—May 5, 1971.

Guyer & Enichen, of Rockford, for appellants.

French, Davitt & Greene, of Rockford, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This was an action brought about to set aside a deed to a farm consisting of two tracts given by a mother, Birdie M. Wishop, to her son, Raymond A. Wishop, and for an accounting. The stated grounds was that said deed had been given in mistake as to the amount of property conveyed, or did not otherwise express the intention of the mother.

Plaintiff was eighty-eight years old on March 28, 1969. She had married to John Wishop, who died in 1952, and had four children, two male and two female, all living. In 1913, John and Birdie Wishop, as joint tenants, acquired the farm in question consisting of a total of approximately two hundred thirty acres in Winnebago County; Tract I being in Owen Township, and Tract II, contiguous, being in Rockton Township. Tract I is improved with the buildings, consisting of two houses, barns, sheds, etc., and Tract II is unimproved save for fences and drainage ditches. It appears that for a profitable operation the farm should be operated as a unit. The defendant, Raymond A. Wishop, had lived on the farm since the age of three, brought his wife to the farm when he married, raised his four children there, and worked the farm with and for his father until his father's death, and then continued to do so on an informal 50/50 tenancy basis with his mother thereafter. The brother and sisters did not stay on the farm. Defendant Raymond is now in his sixties.

The testimony of the witnesses given in the trial before the Judge without a jury, indicates that Birdie M. Wishop, plaintiff and mother of defendant Raymond A. Wishop, had a plan to give Tract I to her son, Raymond; and the unimproved Tract II to the other three children as co-tenants, subject to the right of Raymond to buy it at a fair price.

On Saturday, January 27, 1968, plaintiff, Birdie Wishop, made an appointment with her attorney, Foster Smith. Birdie Wishop, Raymond A. Wishop and his wife, Doris Wishop, went to Mr. Smith's office in Loves Park, Illinois. Birdie went there to convey "the farm" to Raymond, but the testimony is somewhat confused as to exactly what transpired

in Mr. Smith's office. It is clear that Mr. Smith did not know exactly what Birdie meant by "the farm." Be that as it may, a deed conveying the two tracts to Raymond Andrew Wishop, reserving a life estate, was recorded on February 19, 1968, and bears the undisputed signature of Birdie M. Wishop, and a notarial acknowledgment dated January 27, 1968.

Raymond A. Wishop did not know that the two tracts had been conveyed to him until he received the 1968 tax bills, and not until August 27, 1968, when Birdie Wishop and her two daughters came to his office, was Attorney Foster Smith advised that Birdie did not intend to convey both tracts to her son, Raymond. Raymond had earlier thought that only Tract I was conveyed to him and understood that he would have to buy the balance of the farm from his mother or his brother and two sisters.

There was considerable testimony as to the expenditures made with respect to the property, payment of taxes, borrowing of money, division of profits over the years, which need not be set forth here. Plaintiff's complaint was to set aside the deed, the second count thereof asked for an accounting from the defendant.

Judge Albert S. O'Sullivan ordered that the deed be declared null and void, set aside and vacated, and removed as a cloud upon the title of Birdie M. Wishop. He also found in favor of Birdie M. Wishop and against Raymond A. Wishop in the sum of $3000 in view of a loan admittedly made in that amount.

Defendant at no time asked for an accounting; nonetheless he was afforded the opportunity to show what funds he did claim. The Court found that he did not prove that he was entitled to any sum from his mother in view of all the evidence. The Plaintiff, on the other hand, restricted her claim to the $3000 loaned to the defendant. This court does not wish to substitute its judgment for that of the trial court which heard the evidence in this regard.

The trial judge found further that it was the intention of Birdie Wishop, the grantor, to convey only Tract I to Raymond Wishop; that the deed conveying both Tracts I and II to Raymond Wishop was executed by mistake and that "said purported deed was spurious and should be set aside and removed as a cloud upon the title to said real estate."

Plaintiff's attorneys cite *Cullison v. Connor* (1906), 222 Ill. 135, 78 N.E. 14; *Elsasser v. Miller* (1943), 383 Ill. 243, 49 N.E.2d 21; and *Krabbenhoft v. Gossau* (1929), 337 Ill. 396, 169 N.E.2d 258, in support of their argument that the only possible judgment in the present case is to set aside the deed in its entirety.

In *Elsasser,* the son of the plaintiff, along with the defendant, had by duress and threats induced plaintiff to deed property to the defendant. Plaintiff, in his seventies, apparently thought he was agreeing to give property after his death to the defendant for care until such time, etc. The only possible way to correct the situation in view of all the attendant circumstances was to cancel, and the deed was set aside. The facts in *Elsasser* are completely alien to those in the instant case, and in no way indicate that the same remedy should be applied.

In *Cullison,* the plaintiff intended to sell the "back lot" to defendant for $100, and defendant had an attorney draw up a deed which conveyed the entire lot. Plaintiff was uneducated and could not read, and immediately upon learning of the mistake, first tendered the return of the $100 to the defendant and when he refused to reconvey, paid the money into court. The deed was set aside at cost to the defendant and such judgment was affirmed. The court categorically stated that the defendant fraudulently sought to retain the benefit of the mistake which he thought he had obtained by reason of his mis-description in the deed. It also pointed out that a contention that the court below should have reformed the deed and given the defendant what he really purchased, instead of setting aside the deed, would be entitled to consideration if the issues in the case warranted any such relief. The court obviously did not approve of the conduct of the defendant, and felt that it was enough that his money was returned to him. In the instant case no nefarious design can be imputed to the defendants.

Finally, in *Krabbenhoft* what we find is the statement, supported by many cases, that courts of chancery have the power to reform conveyances of land by correcting erroneous descriptions therein, and that in Illinois the power of a court of chancery to reform a written contract so as to make it express the intention of the parties is not limited to striking out provisions not intended to be inserted, but extends also to the insertion of provisions which the evidence clearly shows were omitted through fraud, accident or mistake. We do not believe that this case supports a theory that in all cases of mistake, regardless of the attendant circumstances, the only action the court can take is to set aside the deed.

■■ Counsel for the defendants urge that the court erred by making a judgment on the merits of the case, prior to hearing all of the evidence and cite *Olson v. Grant* (1955), 4 Ill.App.2d 308, 124 N.E.2d 63. This court does not believe that the *Olson* case is applicable. In *Olson,* the court indicated prejudice or bias before hearing any evidence. In this case, the remarks of the trial judge were an effort to effect a settlement of the case after hearing evidence from both the plaintiff and the defen-

dant. In this court's opinion there is no indication of bias or prejudice by the trial court.

■■ Counsel for the defendants contend that the finding of the trial judge was contrary to the manifest weight of the evidence. This court does not believe that this is the case, nor does it believe that the cases cited by counsel are controlling.

Defendant further contends that the admission of various exhibits pertaining to a settlement or the request for a quit claim deed from the defendant was error. As indicated above, the decision of this court is not based in any way on the propriety of the admission of all or any part of these exhibits.

A review of the record in this case shows clearly that the deed in question conveyed more than was intended, but it also shows clearly what was intended to be conveyed. It also shows that there was a harmonious relationship between the members of the Wishop family for many years up until the mistake in the conveyance, and that this mistake was not caused intentionally by either the plaintiff or the defendants, or that there was at any time any plan on the part of Raymond A. Wishop to obtain from his mother property she did not intend to convey to him. Further, the mistake was not caused by an act of plaintiff or defendants, but by a misunderstanding on the part of Attorney Smith. It further shows that an unfortunate lack of harmony developed between the attorneys for the respective parties, and also misunderstandings between attorney and the court. Furthermore, it appears that misunderstandings arose on the part of the defendants as to what attorney Smith who prepared the deed, was attempting to do, months after it had been recorded in order to carry out the real intention of the grantor, the mother of the grantee. It is obvious that a lack of communication resulted in this litigation in the first place.

■■■ It is the duty of this court to see that substantial justice is done, not to punish or reward unjustly or to cause additional litigation. No useful purpose would be served by remanding the matter to the trial court for a new trial. The correction of mistakes in written instruments occurring by accident, fraud or otherwise, has been one of the acknowledge branches of equity jurisdiction from the earliest history. The facts in the instant case call for a reformation. The court can do here what should be done, and it is directed that the deed of Birdie M. Wishop to defendant, Raymond Andrew Wishop, dated January 27, 1968, and recorded in the office of the Recorder of Deeds of Winnebago County, Illinois, on February 1, 1969, as document # 1180812, microfilm # 68 04 3555, be reformed by striking therefrom the following described real estate:

## TRACT II

The West Half (½) of the South East Quarter (¼) of Section Thirty-one (31) in Township Forty-six (46) North of Range One (1), East of the Third (3rd) Principal Meridian; excepting therefrom the premises conveyed by William Halley and wife to Valentine Gleasman by deed recorded in the Recorder's office in Book 116 of Deeds, page 534.

Also, the South Forty (40) acres of the South West fractional quarter (¼) of Section Thirty-one (31) in Township Forty-six (46) North of Range One (1) East, of the Third (3rd) Principal Meridian, all located in Winnebago County, Illinois.

The judgment of the circuit court awarding $3000 to Birdie M. Wishop is affirmed.

Reversed in part, affirmed in part and remanded with directions.

T. MORAN, P. J., and ABRAHAMSON, J., concur.